## Christoval Morel *v.* City of New Orleans.

An attorney-at-law is entitled to claim commissions upon judgments obtained through his agency as well as upon moneys actually collected on executions and accounted for to his clients, although he be superseded by the appointment of another attorney.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*G. Legardeur*, for plaintiff. *J. J. Michel*, for defendant and appellant.

Voorhies, J. The plaintiff claims the sum of $3666 84, for professional services alleged to have been rendered by him as attorney to the late First Municipality, in bringing upwards of 1800 suits on bills placed in his hands for collection, as shown by exhibits annexed to and made part of his petition, which exhibits occupy nearly 60 pages of the record.

Under an ordinance of the First Municipality, the right to institute suits for the recovery of its claims for taxes, fines, &c., was conferred exclusively on the attorney or assistant attorney employed by it, whose compensation for such services was fixed at five per cent. by the ordinance of the 6th of January, 1845. It was made the duty of the attorney thus appointed, on the institution of such suits, to submit to the treasury department a statement showing the title, amount and object of each of said suits, and, when finally determined, a statement of the judgment in each of them. The claim of the plaintiff arising from such a multiplicity of suits, was referred by the court below to an auditor, who thereupon reported that the plaintiff had instituted suits for the recovery of claims amounting to $102,398 09, of which $36,228 49 had ripened into judgments; that $14,825 96 had been paid into court on account thereof, as appeared from the records; and that taking into consideration the receipts on file, the testimony of the various collectors, showing that the plaintiff had regularly settled with them, and the fact that a portion of the claims put in suit by the plaintiff had been collected by his successors, he concluded that said plaintiff was entitled to claim commission on the whole amount of said

MOREL
v.
NEW ORLEANS.

claims in suit, less $246 11 as his commission on claims which he had himself collected and accounted for. The defendant having opposed this report on certain grounds, not necessary to be mentioned, the court ordered another to be made, restricting the plaintiff's commission to all such claims as had ripened into judgments previous to his removal, and also on all those which he had collected on executions and accounted for to the defendant, and to confine said commission to the claims set forth in the exhibits annexed to his petition. The auditor accordingly reported, awarding to the plaintiff the sum of $1565 37, which formed the basis of the judgment of the court below, from which the present appeal is taken by the defendant.

It is not pretended that the services were not rendered as alleged by the plaintiff. The evidence shows that the sum of $14,825 96, resulting from judgments obtained through the agency of the plaintiff, has already been paid into court. It is neither alleged nor shown that the other judgment debtors are insolvent. The plaintiff having been superseded by the appointment of another attorney, we think it comes with exceedingly bad grace on the part of the defendant to object, that he is not entitled to claim any commission on the judgments thus obtained by him, as he has not collected the same.

Judgment affirmed.