No. ............

First Circuit.

---

## STRICKLAND v. THE LIVINGSTON BANK

---

(March 2, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Attorneys—Par. 68, 73.**

Where there was no demand on the part of an attorney for the recognition of a lien on judgments obtained, the court must allow judgment against the defendant for attorney's fees where proven, but cannot recognize any lien for attorney's fees on a judgment obtained by the attorney against other parties while representing the defendant.

Appeal from the Parish of Livingston, Hon. Columbus Reid, Judge.

Action by H. K. Strickland against the Livingston Bank for the collection of attorney's fees.

Judgment for plaintiff in part and plaintiff appealed.

Judgment increased and affirmed.

J. Y. Sanders, Jr., of Baton Rouge, attorney for plaintiff, appellant.

Inman and Cornish, of Ponchatoula, attorneys for defendant, appellee.

MOUTON, J. Plaintiff, an attorney of East Baton Rouge, brings this suit against defendant bank for $612.53, with legal interest from judicial demand for professional services he alleges to have rendered the bank. He alleges that from the incipiency of his services he was to receive from the bank not less than 10 per cent of the amount of any item placed in his hands for collection or suit, and that the bank always paid him on that basis.

In the alternative, he alleges, he is entitled to recover on this basis, on a quantum meruit.

Plaintiff testifies that it was his custom to charge the bank for this percentage and that the bank repeatedly paid him on that basis whether the claims placed in his hands for collection were collected or not. The record shows that plaintiff was in the services of the bank from the year of 1913 or 1914, when he was employed up to the 24th of February, 1924, during a period of about ten years. His relations with the bank appear to have been very cordial and satisfactory up to February, 1924. At that time their relations were broken off upon plaintiff receiving an impertinent letter from the president of the bank. This suit followed.

The record shows that plaintiff received notes from the bank for collection against

one Cowart; that he obtained a mortgage from Cowart to secure their payment, and that in the mortgage his ten per cent attorney's fees were recognized; also, that the bank recognized his commission of ten per cent on a judgment he recovered for it against Stafford and Bomerals, and upon which he received $7.50 on account. The fact that the bank took a mortgage in which the ten per cent commission of plaintiff was recognized and paid him on that basis on the judgment above mentioned, and where it does not appear it had been collected, corroborates plaintiff in his statement that under his agreement with the bank he was to be paid on a ten per centum basis. The only witness who testified for the bank is its present cashier, Mr. Sullivan. He says his understanding of the agreement with plaintiff was that plaintiff was to receive for his services ten per cent on amounts collected. The record shows Sullivan became cashier in 1918, some four or five years after plaintiff had entered into his engagement with the bank. He frankly admits that he had no actual knowledge of the agreement made between plaintiff and the bank, and that he derived his information in respect thereto, to "only what was said." It is therefore but fair to conclude that the record supports the testimony of plaintiff in reference to the percentage he was to receive as the attorney for the bank.

The record shows that a note against Bencasse and Sanchez for $700.00 was placed in the hands of plaintiff by the bank for collection; that through his efforts this claim was adjusted by the bank receiving its interest thereon and accepting a renewal note. On this claim plaintiff was allowed $15.00 by the court below, instead of $70.00, to which he is entitled. It also appears that plaintiff recovered for the bank a judgment against Sidney Fair-

child for $1,250.00, upon which he received the sum of $26.20. The court allowed him $50.00 on this claim, subject to the credit for what he had received. He is entitled to $120.48 for his commission on this judgment, as appears from the evidence, subject to the credit stated. He is also entitled to a small increase on the claim of the bank against Morgan. The proof shows that plaintiff recovered two judgments against E. F. Lambert for amounts entitling him to $663.19, calculated on a basis of ten per cent. He received $300.00 commission on this amount, leaving a balance of $363.19.

The lower court, in reality, allowed plaintiff his commission of ten per cent on the balance due on the judgments against Fairchild and Lambert; did not, however, decree it against the bank, but merely granted a lien on the judgments in favor of the plaintiff. In other words, made the commission dependent upon the collection of these judgments. It is true these judgments will not be collected through the agency of the plaintiff, as he had been superseded by other attorneys who are not representing the bank, but this should not deprive him of his commission, as was held in Christoval Morel vs. City of New Orleans, 12 La. Ann. 485. There is no proof plaintiff was to recover his fees on a contingent basis, and there was no demand on his part for the recognition of the lien recognized below on these judgments. The Court allowed plaintiff judgment against the bank for $87.91 and a lien on said judgments. The amount granted against the bank must be increased in accordance with above views, and the lien on the judgments must be set aside.

It is therefore ordered, adjudged and decreed that the judgment rendered below for $87.91 be increased to the sum of six hundred and nine 33/100 ($609.33), in

which amount it is decreed that plaintiff have judgment against defendant with legal interest thereon from judicial demand.

It is further ordered and decreed that the lien recognized in the judgment on the judgments against E. F. Lambert and Sidney Fairchild be annulled and set aside; and as thus amended the judgments be affirmed with cost.

ELLIOTT, J., dissents as to the amount for reasons given below.

I dissent from the amount allowed by the majority of the court. I think the plaintiff Strickland entitled to an amendment of the amount allowed in the lower court as to the Bencaz and Sanchez note. Defendant sent this note to plaintiff for collection. The principal was $700.00. There was interest due and the note contained the usual printed stipulation, it appears, whereby the debtors bound themselves to pay ten per cent attorney's fees in case the note was placed in the hands of an attorney for collection. The plaintiff attorney wrote Bercaz and Sanchez upon receipt of the note that he held it for collection and requesting payment. The debtors called on the defendant bank and effected an amicable settlement by giving a new note that was satisfactory to defendant, but the ten per cent attorney's fees which the plaintiff had earned was not provided for. The plaintiff was entitled to the attorney's fees, the fee belonged to him as much as did the principal and interest to defendant. The judgment appealed from allowed plaintiff $15.00 on account of this item. Plaintiff testifies that he was never paid anything and he was entitled to ten per cent. Defendant could not let the amount due plaintiff go without plaintiff's consent.

The plaintiff can not collect the ten per cent now, as he is no longer in position

to do so. I think the judgment appealed from should be increased to $70.00, making the allowance on this item $70.00 instead of $15.00, and as thus amended I think the judgment appealed from should be affirmed.